UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G2 EQUITIES,

    Plaintiff,

v.

RECO CEMENT PRODUCTS, LLC,

    Defendant.

No. 15 C 4172
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff G2 Equities ("G2") brings this action against Defendant Reco Cement Products, LLC, alleging breach of contract (Count I), unjust enrichment (Count II), and promissory estoppel (Count III). G2 also requests an accounting of transactions and agreements entered into between Defendant and third-party contacts provided by G2 (Count IV) and declaratory judgment concerning G2's rights surrounding the alleged controversy (Count V).

This case is presently before me on Defendant's motion to dismiss the complaint on three grounds: (1) dismissal under Rule 12(b)(1) for failure to satisfy 28 U.S.C. § 1332's requirement that there be at least $75,000 in controversy, (2) dismissal under Rule 12(b)(1) for lack of standing because the G2's claims were never ripe and are currently moot, and (3) dismissal under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

For the following reasons, I am granting Defendant's motion and dismissing the complaint because this Court lacks subject-matter jurisdiction.

### BACKGROUND

Defendant produces a patented cementitious additive that allows manufacturers to use less cement, which reduces environmental impact and lowers costs. When Defendant's product

1

was ready to come to market in 2009, Defendant met with G2 and discussed retaining G2 as a consultant to help procure potential business partners and investors.

After these discussions, G2 and Defendant signed an agreement, titled "Reco Cement Products Mutual Confidentiality Agreement," on October 15, 2009 (the "Confidentiality Agreement"). The Confidentiality Agreement provided that G2 would introduce Defendant to several major players in the cement industry, and that Defendant would not enter into a business relationship with, or accept an investment from, G2 referrals without compensating G2 for a three-year period. According to the Confidentiality Agreement, G2 would be compensated by Defendant "pursuant to a to-be-negotiated compensation agreement" (the "Compensation Agreement").

During the year that followed, G2 introduced Defendant to various third parties in the building and cement industries. According to G2, Defendant repeatedly and continuously assured G2 that Defendant intended to compensate them for their work and that they would go forward "as partners." While this was happening, the parties exchanged drafts and discussed the final terms of the Compensation Agreement. On September 6, 2010, however, a representative of Defendant sent an email to G2 stating that Defendant did not intend to honor its obligations under the Confidentiality Agreement and would not continue to negotiate or finalize the Compensation Agreement. G2 filed this lawsuit on May 12, 2015.

## DISCUSSION

I am dismissing this complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) because it fails to satisfy the jurisdictional requirements set forth in 28 U.S.C. § 1332. I will not address Defendant's other arguments because, in the absence of subject-matter jurisdiction, this Court lacks the power to adjudicate any aspect of the case. *See Schur v. L.A.*

*Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

## I.     Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject-matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

## II.    Analysis

Under 28 U.S.C. § 1332, a case is properly in federal court sitting in diversity jurisdiction if (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000. Conceding that the parties are completely diverse, Defendant argues that G2's complaint should be dismissed because it fails to satisfy 28 U.S.C. § 1332's amount in controversy requirement. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001).

The amount in controversy is determined by the amount a plaintiff is seeking, not what

he ultimately may recover. *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012). Uncontested claims of an amount in controversy are generally accepted unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009).

Here, G2 does not specify an exact amount of money that it is seeking to recover, but instead alleges that "the amount in controversy exceeds $75,000, exclusive of costs and interests." This lack of specificity, on its own, is not dispositive because a party need not provide an exact number it is seeking as long as it alleges that this amount, whatever it is, exceeds $75,000.

Although it would probably survive a facial challenge, and this is a close call because of G2's self-confessed uncertainty, subject-matter jurisdiction here is clearly defeated by Defendant's factual challenge.

Where a defendant challenges a plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with "competent proof." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Competent proof has been interpreted to mean a preponderance of the evidence. *See id.* The specific question to address on a motion to dismiss, therefore, is whether the plaintiff has established facts that are, more likely than not, true. *Meridian Security Insurance Co.*, 441 F.3d. at 543.

In the complaint, G2 admits that "the amount of money due to G2 from [Defendant] is unknown and cannot be ascertained without an accounting of any and all transactions and agreements entered into between [Defendant] and G2 Contacts." G2 has not alleged any additional expenses or costs that could help it reach its jurisdictional threshold. Even if I assume that it would be a legal possibility for G2 to recover 100% of the revenue generated by

Defendant from G2 referrals, jurisdiction is only proper here if G2 can establish, by a preponderance of the evidence, that such revenue exceeded $75,000.

Because this is a factual challenge, I am allowed to look beyond the pleadings and view all the proof submitted by both parties in making my determination. In an attempt to meet its burden, G2 produced the affidavit of its Managing-Member, Jorge Galdamez. According to Galdamez, "the business relationships and/or investments from third-parties were going to lead to compensation for G2 in amounts substantially greater than $75,000." This belief is based on conversations that Galdamez had with various executives who worked for Defendant. Without something more, however, Galdamez's belief has little significance to any of G2's claims.

To support its assertion that there is not *in fact* subject-matter jurisdiction, Defendant produced an affidavit of its CEO and Managing-Member, which stated that "although [G2] introduced [Defendant] to several third-parties at various times, these introductions never led to sales of [Defendant's] products, licenses of [Defendant's] technology or investment in [Defendant]" and "[Defendant] has never received any revenue or profits from third-parties introduced by G2." According to this affidavit, Defendant entered into only one agreement related in any way to introductions by G2. Defendant signed a financial advisor services agreement with one of G2's referrals, Siva Yam and Associates, LLC on March 28, 2013. Pursuant to the agreement with Siva Yam and Associates, Defendant paid a retainer in the amount of $10,000 and, in exchange, Siva Yam agreed to assist Defendant in securing customers and investors from the Greater China Region. According to the affidavit produced by Defendant, however, this relationship expired at the end of December 2014 and yielded no customers or revenues for Defendant.

Even if I ignore Defendant's affidavit, which seems to squarely address the amount in

controversy that is at stake in this case but has obvious credibility issues, I still conclude that Plaintiff has failed to meet its burden here. Without alleging any expenses or costs that it incurred as a result of Defendant's foul play, G2's request for damages is capped by a number—the profits and revenues that Defendant generated from G2 referrals—that is admittedly unknown to G2.

Because G2 has failed to meet its burden, I conclude that G2's complaint fails to satisfy 28 U.S.C. § 1332's amount in controversy requirement. Accordingly, I am dismissing the complaint for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth above, this Court does not have subject-matter jurisdiction over G2's claims pursuant to 28 U.S.C. § 1332. I am granting Defendant's motion to dismiss under Rule 12(b)(1), but this dismissal shall be without prejudice to the refiling of G2's claims in an appropriate state court.

ENTER:

James B. Zagel
United States District Judge

DATE: October 27, 2015